# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO: _____

AMADO ALBERTO VALE,

    Plaintiff,

v.

USA SHEET METAL INC,
a Florida Profit Corporation,
and CARLOS E ROSA, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, AMADO ALBERTO VALE, ("Plaintiff"), on behalf of himself, by and through undersigned counsel, who files this Complaint against Defendants, USA SHEET METAL INC and CARLOS E ROSA, individually (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation and for retaliation in violation of the FLSA, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, USA SHEET METAL INC, having a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, CARLOS E ROSA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, USA SHEET METAL INC.

6. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

7. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff worked for Defendant, on or about January 2, 2016 through September 2018.

9. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant was on notice of and/or had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

10. Defendant failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week, as proscribed by the laws of the United States and the State of Florida.

11. Specifically, Plaintiff performed an average of nineteen (19) hours of overtime each week for Defendant.

12. Plaintiff complained to Defendants about not being properly paid overtime.

13. Subsequently, Plaintiff's hours were cut down to where Plaintiff did not have the opportunity to work any overtime hours.

14. Plaintiff's hours were cut down because of his complains about not be properly paid for overtime hours he worked for Defendant.

15. Any reason proffered by Plaintiff for the adverse employment action is mere pretext.

16. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against USA SHEET METAL INC*

17. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 16 of this Complaint as if set out in full herein.

18. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

19. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

21. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

22. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

23. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

24. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

25. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

26. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

27. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation Against*
*CARLOS E ROSA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this Complaint as if set out in full herein.

29. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

30. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of her employment (hire/fire), scheduled hours and/or rate of pay.

32. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

33. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

34. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation Violation Against USA SHEET METAL INC*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this Complaint as if set out in full herein.

36. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

37. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

38. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

39. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated  5-15-19

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
Miriam Brooks, Esq.
Fla. Bar No.: 0118144
mbrooks@rgpattorneys.com
Manuel A. Antommattei, Esq.
Fla. Bar No.: 1010327
maa@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005