UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 19-cv-24851-Williams/Torres

AMADO ALBERTO VALE,

    Plaintiff,

vs.

USA SHEET METAL INC,
a Florida Profit Corporation,
and CARLOS E ROSA, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'**
**SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, AMADO ALBERTO VALE, and Defendants, USA SHEET METAL INC and CARLOS E ROSA, (collective referred to as "the Parties"), by and through their undersigned Counsel, file this Joint Motion for Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

Plaintiff, Amado Alberto Vale, filed this lawsuit against Defendants USA Sheet Metal, Inc. and Carlos E. Rosa, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.* Plaintiff also asserted a claim for retaliation pursuant to the FLSA.

To ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. Ga. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide

dispute over FLSA provisions. *Id*. at 1354. If the settlement terms meet the above-listed criteria, the Court should approve the settlement. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

The Parties in this case exchanged information in the form of time and pay records. The corporate Defendant disputed the hours Plaintiff claimed that he worked. Carlos Rosa, the individually named Defendant, disputed that he was an "employer" as defined by the Fair Labor Standards Act. Defendant USA Sheet Metal vehemently denied Plaintiff's retaliation claim. After their exchange of information and at the court-ordered settlement conference conducted by Judge Torres on March 5, 2020, the Parties resolved their claims.

The Parties stipulate that the settlement represents a fair, reasonable, good fath and arms-length compromise of Plaintiff's claims. The settlement reached by the Parties avoids the risks and additional expenses associated with ongoing litigation, including depositions, pre-trial motions, jury trial and any post trial matter. Undersigned counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants.

Because of the material issues in dispute, the settlement reached by the Parties is a fair and reasonable compromise of disputed claims (and defenses) and should be approved by this Court. The Parties have submitted the settlement agreement via e-mail submission to the Court for an *in camera* review.

Moreover, Plaintiff was represented by counsel in an adversarial proceeding. *See, Martin v. Spring Break '83 Prods.*, LLC, 2012 U.S. App. LEXIS 15285 (5th Cir. July 24, 2012)(*Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel). *See also, Moreno v.*

*Ferretti Group of America, LLC et al*., 10-24507-CIV-Turnoff, [DE 87], (S.D. Fla. 11/7/12) and *Torres v. Villa Serena,* 12-20698-CIV-Lenard, [DE 41], (S.D. Fla. 11/16/12), both *citing*, *Martin v. Spring Break '83 Prods*., *supra.*

The Parties request that the Court approve the Settlement Agreement and dismiss this case.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement abd (2) dismissing this action with prejudice against Defendants.

Respectfully submitted this 18th day of March 2020.

| | |
|---|---|
| By: __s/Jason S. Remer_____<br>Jason S. Remer<br>Florida Bar No. 0165580<br>jremer@rgpattorneys.com<br>Elizabeth Carlin<br>Florida Bar No. 753521<br>ecarlin@rgpattorneys.com<br>Remer & Georges-Pierre, PLLC<br>*Attorneys for Plaintiff*<br>44 West Flagler Street, Suite 2200<br>Miami, FL  33130<br>Telephone (305) 416-5000<br>Facsimile (305) 416-5005 | By: _____s/Ena T. Diaz_____<br>Ena T. Diaz<br>Florida Bar No. 0090999<br>Ena T. Diaz, P.A.<br>*Attorney for Defendants*<br>999 Ponce De Leon Blvd., #720<br>Coral Gables, FL 33134<br>Ph. 305-377-8828<br>Fax 305-356-1311<br>ediaz@enadiazlaw.com |